O’NIELL, J.
Defendant was indicted for the crime of stabbing with intent to commit murder. He filed a motion to quash the indictment, on the ground that he was‘not yet 18 years of age and should therefore be' dealt ■ with, not as a criminal, or in the district ■ court, but as a delinquent juvenile, in' the *1087 juvenile court, under the provisions of Act 228 of 1920, p. 3S0. On trial of the motion it was proven by the baptismal certificate, and was admitted by the district attorney, that defendant was under the age of IS years, though over the age of 17 years. The district judge quashed the indictment, and the state has appealed.
The attorneys for the state have not pleaded that the Act 228 of 1920 is unconstitutional, although it was suggested in argument that, in so far as the statute had extended the jurisdiction of the juvenile courts to complaints against delinquent children over the age of 17 and under the age of IS years, it was repealed by the fourth paragraph of section 52 of article 7 of the Constitution of 1921, limiting the jurisdiction of juvenile courts to- complainants against children under the age of 17 years. The argument on behalf of the state is that the indictment is valid, whether the defendant should be tried ks a criminal, in the district court, or should be dealt with merely as a delinquent child in the juvenile court. I-Ience it is argued that defendant has no cause to complain until or unless the' district judge, who is ex officio judge of the juvenile court, should decide to try the case in the district court, as a criminal prosecution of an adult. Defendant’s attorney, on the other hand, contends that, according to the provisions of Act 228 of 1920, which was in force when the indictment in this case was quashed, a person under the age of 18 years, accused of any crime except a capital crime or an assault with intent to commit rape, was not subject to indictment, but should be proceeded against as a delinquent child by an affidavit in the juvenile court.
Section 3 of article 118 of the Constitution of 1913, embodying certain amendments which had been made to the Constitution of 1898, limited the jurisdiction of the juvenile courts, with regard to proceedings against neglected or delinquent children, to proceedings against children under 17 years of age, except for capital crimes. The term “delinquent child” was declared to mean, among other meanings, “any child seventeen years of age and under * * * who violates any law of the state, or any ordinance of any village, town, city, or parish of the state.” Section 4 of the same article declared that all proceedings against neglected or delinquent children should be by affidavit made before the clerk of court or a committing magistrate.
Article 118 of the Constitution of 1913 was amended in November, 1918, pursuant to Act 201 of that year, so as to authorize the Legislature to enlarge and regulate the jurisdiction of the juvenile courts, to provide for the trial of juveniles and adults in such courts, and to regulate the method of procedure in such trials.
Act 228 of 1920, enacted pursuant to the constitutional amendment, conferred upon the district judges throughout the state (the parish of Orleans excepted), who are ex officio judges of the juvenile courts of their respective parishes, the discretionary power to deal with a child under 18 and over 13 years of age, and accused of crime, either as a criminal adult or as a delinquent juvenile. The statute therefore declared that the district judge might, in his discretion, a’nd in lieu of the punishment provided for the crime if committed by an adult, impose upon a guilty juvenile, under. 18 and over 13 years of age, a fine not exceeding $50 or imprisonment for a term not exceeding 60 days, or both; that the imprisonment might bo in the parish prison if no other place for the imprisonment of juveniles was provided by the parish; and that, in the event of imprisonment in the parish prison, the juvenile should be kept separate and apart from any adult prisoner.
Section 52 of article 7 of the Constitution *1089 of 1921, which went into effect before the date on which the crime charged in this case is alleged to have been committed, declares that the judges of the district courts through:out the state (the parish of Orleans excepted) shall be ex officio judges of the juvenile courts, and, as such, shall have jurisdiction of the trial of all children under 17 years of age, charged in said courts as neglected or delinquent children, excepting those accused of a capital crime or of an assault with intent to commit rape.
The provisions of the Constitution of 1921, however, did not abolish the requirement that proceedings against juveniles should be by affidavit charging them with being neglected or delinquent children, but left the matter to be determined by the Legislature. Section 53 of the same article declared that the Legislature should, at its next session, prescribe the method of procedure in the juvenile courts, which might be by affidavit instead of by bill of indictment or information; that the Legislature should also provide for the necessary officers of the juvenile courts, and make such other provisions as might be necessary to make the juvenile courts efficient, and to carry out the purposes thereof. The same section of the Constitution declared that, until otherwise provided by the Legislature, the manner of procedure in the juvenile courts, their officers, “and everything else pertaining to them,” except as might be otherwise provided in the Constitution of 1921, should remain as fixed add provided immediately prior to the adoption of this Constitution.
The provisions of the new Constitution relating to the juvenile courts throughout the state, the parish of Orleans excepted, were given effect by Act 83 of 1921, which went into effect at noon on Friday, the 9th of December, 1921; that is, after the present appeal was brought to this court. Section 6 of- the statute defines the term “delinquent child” substantially, if not precisely, as it was defined in the Constitution of 1913, and section 7 of the statute declares that “all proceedings against neglected or delinquent children shall be by affidavit made before the clerk of court or any committing magistrate,” etc.
Our conclusion is that when the district judge quashed the indictment in this case he had jurisdiction, and had discretionary power, to try the defendant as a juvenile, in the juvenile court, under the provisions of Act 228 of 1920, giving effect to the amendment of article 118 of the Constitution of 1913, made pursuant to Act 201 of 1918. As a juvenile/ the defendant could be proceeded against only by affidavit, not by an indictment by a grand jury. It was therefore proper that the district judge, who was ex officio judge of the juvenile court, should have quashed the indictment against the defendant before assuming jurisdiction of the case under an affidavit in the juvenile court. The requirement of the law that a juvenile accused of crime shall be proceeded against only by affidavit alleging specifically the conduct complained of shows one of the purposes of the law to be to avoid putting the stigma of an indictment for crime upon a juvenile.
The judgment is affirmed.